UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER WRIGHT,

    Petitioner,

v.                                          CASE NO. 6:21-cv-248-JA-DCI
                                                  (6:13-cr-218-JA-DCI)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2255. Petitioner previously filed a motion pursuant to § 2255 in case number 6:15-cv-1460-JA-KRS. That case challenged the same convictions being challenged in this case, and it was dismissed with prejudice on August 13, 2018. As a result, the present § 2255 motion is a second or successive application for relief.

Before Petitioner will be permitted to file a second or successive § 2255 motion in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244 and 2255. Consequently, this case will be dismissed without prejudice

to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals. Petitioner should be aware that § 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive § 2255 motion. Furthermore, 28 U.S.C. § 2255 also imposes a time limitation on the filing of a § 2255 motion. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of these provisions.

Accordingly, it is now **ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to terminate any pending motions, close this case, enter Judgment accordingly, and send Petitioner an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence 28 U.S.C. § 2255 By a Prisoner in Federal Custody" form.

3. The Clerk of Court is also directed to file a copy of this Order in criminal case number 6:13-cr-218-JA-DCI and terminate the pending Motion to Vacate (Criminal Case Doc. 118).

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make

a substantial showing of the denial of a constitutional right.[1] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, on February 17, 2021.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 2/17
Counsel of Record
Walter Wright

---

[1] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Courts*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).

3